**UNITED STATES**

v.

**Marie Louise WILLENBROCK.**

**Civ. A. No. 9893.**

United States District Court
E. D. Pennsylvania.

May 28, 1957.

Harold K. Wood, U. S. Atty., Joseph L. McGlynn, Jr., Asst. U. S. Atty., Philadelphia, Pa., Westley W. Silvian and Thomas J. Brennan, Dept. of Justice, Office of Alien Property, Washington, D. C., for plaintiff.

T. Henry Walnut, Philadelphia, Pa., for defendant.

KIRKPATRICK, Chief Judge.

The defendant, who was naturalized in 1928, returned to Germany in 1932 and, except for eight months from September 1934 to May 1935 when she was in the United States, remained there until 1949 when she was readmitted to the United States. On October 12, 1950, a judgment by default was ˚entered declaring her 1928 naturalization to be void. In October 1956 this motion, under Fed.Rules Civ.Proc. Rule 60(b), 28 U.S. C., for relief from that judgment was filed. She had been naturalized again on January 24, 1955.

The motion must be denied. An extended discussion of the grounds for it is not necessary. However, it seems well to point out that her consent to the entry of the judgment, which she signed in 1947, was signed with full awareness of what she was doing. She said, "I thought it had to do with the cancellation of my citizenship. Naturally I knew since 1938 that was cancelled." Her present complaint is that she did not realize that it would have an adverse effect upon her efforts to recover her property from the Alien Property Custodian. Even if her assumption that it does were correct, it would not change the fact that she clearly understood the nature of the document she was signing. However, I do not believe that it has any effect upon her right to recover her property.

Further, she had ample opportunity to resist the entry of the default before the decree was signed. She was, in fact, in the United States for approximately a year before the judgment was entered and could easily have resisted its entry if she deemed it to be improper. Moreover, there was a lapse of six years without any satisfactory explanation for the delay from the time the judgment was entered until relief from it was sought. She was in this country for all but approximately eight months of that time and, in fact, relied upon the cancellation and reapplied for naturalization.